UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

SUSAN J. NEAL,  CASE NO. 99-10444-MAM
                                    Chapter 13
    Debtor.

---

SUSAN J. NEAL, on behalf of herself and
all others similarly situated,

    Plaintiff,

vs.  Adversary No. 03-_____

CHASE MANHATTAN BANK, U.S.A., N.A.,

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Susan J. Neal, individually and on behalf of all other persons similarly situated, brings this Complaint against Defendant Chase Manhattan Bank, U.S.A., N.A. and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157. As to all causes of action, this is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. All causes of action are based on the Bankruptcy Code of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## II. PARTIES

4. Plaintiff Susan J. Neal is a resident citizen of the State of Alabama, and is a debtor in Case No. 99-10444-MAM filed in this Court.

5. Defendant Chase Manhattan Bank, U.S.A., N.A. ("Chase Manhattan") is a corporation doing business in the State of Alabama.

## III. FACTUAL ALLEGATIONS

### A. Susan J. Neal

6. Plaintiff Susan J. Neal filed a Chapter 13 case in this Court on February 4, 1999.

7. Defendant Chase Manhattan filed a Proof of Claim concerning account number 4226 6106 5225 1162 in that Chapter 13 case on or about March 1, 1999.

8. The Proof of Claim filed by Chase Manhattan in that Chapter 13 case included in the amount claimed postpetition finance charges or interest and postpetition late fees or charges,

all of which are improper, unlawful, illegal and uncollectible charges, and none of which were properly disclosed.

### B. All Plaintiffs

9. The postpetition finance charges or interest, postpetition late fees or charges, and/or postpetition overlimit fees or charges that Defendant Chase Manhattan posted, charged and/or assessed to Plaintiff and the class members are unlawful, improper, illegal and uncollectible charges and fees and were not properly disclosed.

### IV. CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action individually and on behalf of a class which is defined as follows:

> All individuals who have filed a bankruptcy petition and against whom Defendant has claimed, as part of the amount due pursuant to a credit card account or other unsecured loan or debt, postpetition finance charges, interest, late fees, late charges, over limit fees or any similar fees or charges which increase the amount claimed by Defendant to be due from an individual, including those for which Defendant has filed a proof of claim.

Excluded from the class are any employees, officers or directors of the Defendant or any of their subsidiaries or affiliates, and any of the legal representatives, heirs, successors and assigns of any such employees, officers or directors.

11. This action may properly be maintained as a class action pursuant to Bankruptcy Rule 7023 and Rule 23 of the Federal Rules of Civil Procedure.

3

12. The members of the class are so numerous that joinder of the individual claims is impractical. Plaintiff believes that there are thousands of individual customers of the Defendant who have incurred these unauthorized and illegal postpetition finance charges, interest, late fees or charges and over limit fees. The precise number of class members and their addresses are presently unknown to the Plaintiff, but can be easily obtained from the Defendant's files, records and databases. Class members can be notified of the pendency of this action by mail and/or published notice.

13. Common questions of law and fact exist as to all members of the class. These questions predominate over questions affecting only individual class members. These common legal and factual questions include, but are not limited to:

   a. The propriety of Defendant's assessing postpetition finance charges or interest.

   b. The propriety of Defendant's assessing postpetition late fees or charges.

   c. The propriety of Defendant's assessing postpetition over limit fees.

   d. The nature of any injunctive relief which should be afforded to the class to prevent the collection of the illegal postpetition finance charges, interest, late fees or charges and over limit fees and the continuation of the wrongful conduct of the Defendant.

   e. Whether the Defendant should be required to disgorge the benefits it has obtained from its wrongful conduct.

   f. The nature and amount of damages which should be paid.

   g. Whether Defendant's practices violate the Bankruptcy Code.

4

14. Plaintiff's claims are typical of the claims of members of the class. Plaintiff and each member of the class have been assessed unauthorized and illegal postpetition finance charges, interest, late fees or charges and/or over limit fees by the Defendant. Plaintiff and each of the members of the class have sustained damages resulting from Defendant's wrongful and unauthorized practices. If the Defendant is not enjoined from engaging in these wrongful and unauthorized practices in the future, additional members of the class will suffer.

15. Plaintiff is an adequate representative of the class because (a) her interests do not conflict with the interests of the individual members of the class she seeks to represent; (b) she has retained counsel who are competent and experienced in bankruptcy class action litigation; and (c) she intends to prosecute this action vigorously. The interests of the members of the class will be fairly and adequately protected by the Plaintiff and her counsel.

16. The class action device is superior to other available means for the fair and efficient adjudication of the claims of the Plaintiff and the class. Absent a class action, most members of the class would not only be unaware of the unauthorized and illegal practices of the Defendant, but would find the cost of litigating their individual claims to be prohibitive and would not have an effective remedy at law. Because of the size of the individual class members' claims, few could afford to seek legal redress for the wrongs alleged herein. Without a class action, the class members will continue to suffer harm and the Defendant's violations of law will have occurred and will continue to occur without remedy. Hence, class treatment is the only method by which all the class members' common claims can be economically and expeditiously adjudicated in one proceeding, thus precluding the possibility of multiple trials and inconsistent judgments.

## V. FIRST CAUSE OF ACTION

17. Plaintiff readopts and realleges paragraphs 1 through 16 the same as if fully set out herein.

18. The postpetition finance charges, interest, late fees or charges, over limit fees and any other similar charges or fees posted, assessed or charged by the Defendant against bankruptcy debtors are illegal, unlawful, not authorized, not properly disclosed, and not allowable under the Bankruptcy Code.

19. Defendant's claims for any such charges or fees should be disallowed and declared illegal, and any such charges or fees actually collected by Defendant should be reimbursed with interest.

20. Defendant's actions violate the Bankruptcy Code and constitute an abuse of the bankruptcy process.

21. Plaintiff and the class also invoke the Court's powers under § 105.

WHEREFORE, Plaintiff and the class demand relief and judgment against Defendant as follows:

A. An order declaring Defendant's practices illegal and improper.

B. An order requiring the Defendant to credit or pay to Plaintiff and the class members any such illegal postpetition finance charges, interest, late fees or charges and over limit fees posted, assessed or collected by the Defendant, plus interest, and requiring the Defendant to disgorge any profits which it received on account of said illegal charges and fees.

6

C. An order awarding actual damages, attorney fees, costs and punitive damages, and imposing appropriate sanctions.

D. An order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiff's counsel for prosecution of this action.

E. Such other and different relief as may be appropriate, the premises considered.

## VI. SECOND CAUSE OF ACTION

22. Plaintiff readopts and realleges paragraphs 1 through 21 the same as if fully set out herein.

23. Pursuant to Bankruptcy Code § 105, any postpetition finance charges, interest, late fees or charges, over limit fees and other similar charges or fees posted, assessed or charged by the Defendant against bankruptcy debtors should be disallowed; and any such charges or fees assessed or collected should be credited or reimbursed with interest.

24. Defendant's actions violate the Bankruptcy Code and constitute an abuse of the bankruptcy process.

WHEREFORE, Plaintiff and the class demand relief and judgment against Defendant as follows:

A. An order declaring Defendant's practices illegal and improper.

B. An order requiring the Defendant to credit or pay to Plaintiff and the class members any such illegal postpetition finance charges, interest, late fees or charges and over limit fees posted or assessed or collected by the Defendant, plus interest,

and requiring the Defendant to disgorge any profits which it received on account of said illegal charges and fees.

C. An order awarding actual damages, attorney fees, costs and punitive damages, and imposing appropriate sanctions.

D. An order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiff's counsel for prosecution of this action.

E. Such other and different relief as may be appropriate, the premises considered.

## VII. THIRD CAUSE OF ACTION

25. Plaintiff readopts and realleges paragraphs 1 through 24 the same as if fully set out herein.

26. Plaintiff and all class members whom she seeks to represent are entitled to an order declaring that Defendant's acts and practices described herein violate the Bankruptcy Code in one or more respects and constitute an abuse of the bankruptcy process, and that the illegal and/or disputed charges and fees are not owed and should be disgorged and removed from the class members' accounts; and this Court should permanently enjoin Defendant from engaging in said acts and practices in the future with respect to any debtor who is a member, or could become a member, of the class of persons described herein, including an order that the disputed charges and fees cannot be collected from debtors who have not yet paid all of the charges or fees.

27. Plaintiff and the class members are entitled to an order requiring Defendant to turn over to Plaintiff and the class members all amounts collected by Defendant as a result of such illegal charges and fees, plus interest.

28. Defendant's actions violate the Bankruptcy Code and constitute an abuse of the bankruptcy process.

29. Plaintiff and the class also invoke the Court's powers under § 105.

30. Plaintiff and the class members are entitled to such other, further and different relief as the Court deems appropriate, the premises considered. Pursuant to the specific equity raised in this proceeding, the Defendant should also be required to pay class counsel reasonable attorneys fees, costs and expenses for the prosecution of this action.

WHEREFORE, Plaintiff and the class demand relief and judgment against Defendant as follows:

A. An order declaring the Defendant's practices illegal and improper.

B. An order permanently enjoining the Defendant from posting, assessing, claiming and/or collecting any of the unauthorized and illegal postpetition finance charges, interest, late fees or charges and over limit fees as set forth herein.

C. An order requiring the Defendant to credit or pay to Plaintiff and the class members any such illegal charges and fees assessed or collected by the Defendant, plus interest, and requiring the Defendant to disgorge any profits which it received on account of said illegal charges and fees.

D. An order awarding actual damages, attorneys fees, costs and punitive damages, and imposing appropriate sanctions.

E. An order requiring the Defendant to pay reasonable attorneys fees, costs and expenses to Plaintiff's counsel for prosecution of this action.

F. Such other and different relief as may be appropriate, the premises considered.

OLEN, NICHOLAS & COPELAND P.C.
Post Office Box 1826
Mobile, Alabama 36633
251-438-6957


s/ Steve Olen
STEVE OLEN  (OLENS7621)


s/ Steven L. Nicholas
STEVEN L. NICHOLAS  (NICHS2021)


s/ Royce A. Ray, III
ROYCE A. RAY, III  (RAYRO9197)


GARDNER, MIDDLEBROOKS, GIBBONS, KITTRELL & OLSEN, P.C.
Post Office Drawer 3103
Mobile, Alabama 36652
251-433-8100

s/ S.C. Middlebrooks
S. C. MIDDLEBROOKS (MIDDS4469)

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

Chase Manhattan Bank U.S.A., N.A.
One Chase Manhattan Plaza
New York, New York 10081

Chase Manhattan Bank U.S.A., N.A.
270 Park Avenue
New York, New York 10017-2070

10